FILED
SUPERIOR COURT
OF GUAM

2018 JAN 30 PM 4:32

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| CLARA MORTERA,<br><br>Plaintiff,<br><br>vs.<br><br>GUAM POLICE DEPARTMENT, and its JOHN DOE INSURANCE CARRIER TO BE NAMED AFTER DISCOVERY; and DOES 1-10, Inclusive,<br><br>Defendants. | Superior Court Case No. **CV0565-17**<br><br>**DECISION AND ORDER**<br>**RE**<br>**MOTION TO DISMISS COMPLAINT**<br>**WITH PREJUDICE** |

Defendant Guam Police Department seeks to dismiss this matter because Plaintiff Clara Mortera failed to serve Defendants with process within 180 days under Guam Rule of Civil Procedure 4(m) and within 18 months of the denial of her government claim under 5 GCA § 6106.[1] The Court disposes of this Motion without oral argument, as permitted under CVR 7.1(e)(1). Having evaluated the applicable law and the parties' filings, the Court DENIES the motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

1. Mortera initiated this action on June 6, 2017. One Hundred Eighty days after June 6, 2017, is December 3, 2017.

2. Preceding the action, Mortera filed a government claim for alleged negligence committed against her spouse, an employee of the Guam Police Department. The

---

[1] The Law Offices of Mark E. Williams, P.C. represents Mortera; Assistant Attorney General Monty May represents the Guam Police Department.

ORIGINAL

Government denied the Government claim on June 13, 2016. Compl. ¶ 9.

3. On August 9, 2017, the Court held a Status Hearing, which Assistant Attorney General David Highsmith attended, and at which Mortera's counsel advised he intended to effectuate service upon GPD. Upon that representation, the Court set a Scheduling Conference for October 4, 2017.

4. At the October 4, 2017 Scheduling Conference, which Assistant Attorney General Monte May attended, Mortera's counsel sought a continuance due to ongoing settlement discussions and Mortera's possible transfer to new counsel.

5. At the November 8, 2017 continued Scheduling Conference, Mortera's counsel informed the Court of ongoing worker's compensation proceedings. The Court noted the upcoming 180-day deadline to effectuate service. However, Mortera's counsel advised of the intent to file a motion to stay these civil proceedings.

6. On December 5, 2017, Mortera's counsel filed a Declaration of Service indicating service of the Complaint and a Motion to Stay Proceedings. The Declaration does not state the date of service. The Declaration also does not mention service of a Summons.

7. At the December 6, 2017 Status Hearing, Mortera's counsel represented that she had served a Motion to Stay and a Complaint on Defendants as of December 2, 2017.[2]

8. Defendants' attorney declares that the Summons and Complaint have not been served on Defendants. Decl. Monty R. May at 1-2 (Dec. 13, 2017).

II. **LAW AND DISCUSSION**

   A. **Rule 4(m)**

---

[2] The Court noted that Mortera filed a CVR 7.1 Form 1 for a Motion to Stay Proceedings, but no Motion. The Court discussed these issues further in its January 26, 2018 Order Striking Plaintiff's Filings.

ORIGINAL

Once a party files a complaint, that party must serve the complaint and a summons "within the time allowed under Rule 4(m)," specifically, 180 days after the filing of the complaint. GRCP 4(c)(1), (m). Thereafter, "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." GRCP 4(m). The Guam Supreme Court enforces "a rule of strict compliance of statutory service requirements." *Pineda v. Pineda*, 2005 Guam 10 ¶ 18 (finding that the party failed to comply with mailing requirements).

### 1. Was Service Untimely?

On a challenge to service of process, the plaintiff has the burden to establish valid service. *See Mann v. Castiel*, 681 F.3d 368, 372-73 (D.C. Cir. 2012) ("plaintiff must either make proof of service or come within an exception provided by the rule"). Mortera fails to sustain her burden in proving timely service. Although Mortera filed a Declaration of Service indicating she served the Complaint and a Motion to Stay on Defendants, she fails to specify service of a Summons as required by Rule 4(c). Because Defendants dispute receiving either the Summons or Complaint, and Mortera does not demonstrate otherwise, the Court has no choice but to determine that Mortera failed to comply with Rule 4(c).

### 2. Is There Good Cause for Delay?

Mortera also holds the burden of showing "good cause" for a delay in service. GRCP 4(m); *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013). Factors supporting good cause include excusable neglect,[3] whether the plaintiff has moved for an enlargement of time to

---

[3] *Cardenas v. City of Chicago*, 646 F.3d 1001, 1006 (7th Cir. 2011) (no good cause when no attempt to serve defendant for over 483 days after removal).

ORIGINAL

serve,[4] a lack of prejudice suffered by the defendant,[5] or if the statute of limitations bars re-filing the complaint upon dismissal.[6]

Mortera does not demonstrate excusable neglect. In fact, Mortera's Opposition makes no claims about having attempted to serve Defendants, nor presents any excuse for the delay. While Mortera claims that the Worker's Compensation Commission has commenced proceedings, it is unclear when such proceedings initiated, nor what efforts were made to serve Defendants at any time. Mortera also does not explain why the commencement of administrative proceedings alleviates the obligation to serve Defendants with process. Under these circumstances, the Court does not find neglect, but does find an affirmative choice not serve the Complaint and Summons, and no valid excuse for doing so. Even if Mortera had timely served the Summons and Complaint, she could have still sought to stay these proceedings. Moreover, the Court raised the issue of service as early as August of 2017. Even so, no service has occurred. Instead, Mortera leaves herself in the current predicament, which is the expiration of the 180 days and the risk of a dismissal under Rule 4(m).

Second, Mortera did not affirmatively move for an enlargement of time to serve the Summons and Complaint. Mortera seeks such relief in her Opposition, notably filed *after* the 180 days passed, but did not make a motion or seek this relief timely.

Third, Mortera claims that Defendants have not been prejudiced because they have appeared at the ongoing hearings and have been aware of this case. The absence of prejudice, alone, however, can not satisfy good cause to excuse delayed service. *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995). Defendants do not posit that they have

---

[4] *See Tele. Signal Corp. v. City and County of San Francisco*, 193 F.R.D. 645, 646 (N.D. Cal. 2000).
[5] *Id.*
[6] *Lemoge v. U.S.*, 587 F.3d 1188 (9th Cir. 2009) (citing Fed.R.Civ.P. 4, Advisory Committee Note to 1993 Amendments).

ORIGINAL

suffered prejudice, and Defendants have also appeared at the Court's hearings. The Court finds that Mortera has carried her burden in proving a lack of prejudice upon Defendant.

Finally, the Court examines whether the statute of limitations bars a refiling of this action. Under 5 GCA § 6106, a party whose government claim has been rejected may seek judicial relief within 18 months: "Every action filed under this Chapter shall be barred unless commenced within 18 months from the time the notice that the claim was rejected was served." According to the Complaint, Mortera received the rejection of her government claim on June 13, 2016. 18 months thereafter is December 13, 2017, which means that a dismissal may bar Mortera from pursuing her claim against Defendants.[7]

Moreover, as the rule permits, even if the plaintiff lacks good cause, the Court has the discretion to extend the time for service. GRCP 4(m); *Thrasher*, 709 F.3d at 511. The potential time bar compels the Court to exercise its discretion to permit Mortera additional time to serve the Complaint and Summons. The Court's leniency in this regard, however, is not boundless and is guided by the Guam Supreme Court's pronouncement in *Pineda* for strict enforcement of service of process requirements. Because Mortera has not demonstrated a sufficient reason why service should not be accomplished despite an ongoing administrative proceeding, the Court must require that Mortera complete her obligation to serve Defendants with process in order to maintain this lawsuit. Accordingly, the Court will extend the time for service for 30 days only.

**B. 18 Months**

---

[7] The Court acknowledges authority in other jurisdictions that the filing of a complaint tolls the clock. *See, e.g., Ball v. Wal-Mart Stores, Inc.,* 34 F. Supp. 2d 424, 428 (S.D. Miss. 1998). If the Court were to follow this rule, a dismissal at this juncture would restart the clock and Mortera would have more time to file a new lawsuit. However, given section 6106's direct language barring a party from pursuing a rejected government claim, the Court concludes that strict enforcement of the time standards in section 6106 is appropriate.

ORIGINAL

Defendants additionally move for dismissal on the basis that service of the Complaint did not occur within the 18-month period. However, construing the language of section 6106 plainly, Mortera's obligation to meet the time limitation was to *file* an action, not necessarily to serve notice of that lawsuit within the 18 months. *See* 5 GCA § 6106 ("shall be barred *unless commenced within* 18 months") (emphasis added). Mortera timely filed this lawsuit, and the government claim statute did not require her to serve the complaint within the same 18 months.

## III.    CONCLUSION AND ORDER

Because the statute of limitations may bar a new lawsuit filed by Mortera, the Court finds good cause to extend the 180-day period prescribed by Guam Rule of Civil Procedure 4(m). Also, the Court finds no merit in Defendants' argument that section 6106 bars the current lawsuit. Therefore, the Court DENIES the Motion to Dismiss With Prejudice.

The Court exercises its discretion to permit Mortera an additional 30 days from the date of this Decision and Order to effectuate service on Defendants.

The Court VACATES the February 7, 2017 Scheduling Conference, and sets a Status Hearing for March 7, 2018 at 9:30 a.m.

Dated this 30th day of January 2018.

*[signature]*

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:
Mark E. Williams;
AG's Civil Division
Date: 1-30-18  Time: 4:32pm

Deputy Clerk, Superior Court of Guam

ORIGINAL